IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-00310-M

ALEXANDER N. ASANOV, *individually,*   )
*and on behalf of his children, Aniel A.*   )
*Asanov, Nicholas A. Asanov, and minor*   )
*A.V.K.,*   )                                        ORDER
　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,                             )
　　　　　　　　　　　　　　　　　　　　　)
v.                                             )
　　　　　　　　　　　　　　　　　　　　　)
BELINDA K. SUKEENA, et al.                     )
　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.                            )

This matter comes before the court on Plaintiff's Reinstated Emergency Petition for Injunctive Relief to Prevent Further Damages to U.S. National Security and Motion to Appoint U.S. National Security Expert-Witness to Estimate the Damages to the National Security Caused by the Kids-for-Cash-NC Crimes Committed by the Recidivist Attempted-Murderer Defendant Kravets in Collusion with Defendants Plekan, Bell, Olga Asanov and Joe Doe. DE 18. This court has already denied Plaintiff's similar June 20, 2023 emergency motion for injunctive relief [DE 5]. DE 16. The Plaintiff's reinstated motion has not changed the court's previous order. Accordingly, and the for the reasons stated herein, the present motion [DE 18] is denied.

Rule 65 of the Federal Rules of Civil Procedure governs injunctions. "[A] temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction." *Jacobs v. Holmes*, No. 5:15-CT-3031-FL, 2015 WL 3891395, at *2 n.1 (E.D.N.C. June 24, 2015) (citing *Hoechst Diafoil v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)). The United States Supreme Court has established four factors the Plaintiff must satisfy to

obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits of his claims; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See, e.g., Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Preliminary injunctions should not be granted when there is only a 'possibility of irreparable harm' because a preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Coble v. Lake Norman Charter Sch., Inc.*, 499 F. Supp. 3d 238, 243 (W.D.N.C. 2020) (quoting *Winter*, 555 U.S. at 22).

The Plaintiff has not satisfied these factors. First, he has not satisfied likelihood of success on the merits. He submits a conclusory motion and brief unsupported by affidavit or evidence alleging a criminal conspiracy related to Kids-for-Cash-NC. *See, e.g., Torres v. Davis*, No. 1:18-CV-314-FDW, 2019 WL 1332378, at *5 (W.D.N.C. Mar. 25, 2019) ("Plaintiff's conclusory allegations have failed to demonstrate that he is likely to succeed on the merits."). Plaintiff asks this court to order protective injunctive relief for Plaintiff's household and his TIRF Labs at 106 Grendon Place, Cary, NC, which property is the subject of an order for equitable distribution in North Carolina state courts. *See* DE 18 ¶ 60. Plaintiff's argument is unlikely to succeed on the merits and this court will not reconsider an order from a state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine [bars a federal court from considering]. . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Quinn v. N. Carolina Dep't of Health & Hum. Servs.*, No. 3:20-CV-169-GCM, 2020 WL 4468728, at *3 (W.D.N.C. Aug. 4, 2020) ("In addition to the issue of sovereign immunity, '[f]ederal courts have no general power to compel

action by state courts. Nor do [they] have jurisdiction to review state court orders.'"). Second, the motion "makes conclusory assertions that irreparable injury will occur if" the criminal conspiracy is not enjoined, but he "provides no details as to any actual, ongoing, or impending harm requiring temporary relief." *Lee v. Meyers*, No. CV-ELH-21-1589, 2021 WL 4804018, at *5 (D. Md. Oct. 14, 2021). For example, he argues the Defendants will spread contaminations inducing cancer without an injunction but provides no exhibits or evidence of such contaminations other than conclusory allegations. DE 18 at 3–4. Finally, the Plaintiff has made only conclusory and speculative arguments that his request for a temporary restraining order or a preliminary injunction is in the public interest or that the balance of equities tips in his favor. *See, e.g., Dorsey v. Tripp*, No. 5:13-CT-3171-D, 2014 WL 630851, at *2 (E.D.N.C. Feb. 18, 2014).

Accordingly, Plaintiff's motion for injunctive relief is DENIED.

SO ORDERED this 4th day of August, 2023.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE